**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

ENTERED

FEB 0 2 2007

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

NEAL A. HARLAND,                          )
                                          )
                       Plaintiff,         )
                                          )
        vs.                               )     No. 1:07-cv-148-DFH-WTL
                                          )
COUNTY OF MARION,                         )
                                          )
                       Defendants.        )


**Entry Concerning Selected Matters**

        The court, having considered the above action and the matters which are pending, makes the following rulings:

        1.      The plaintiff has filed a civil case captioned as noted above and seeks, among other things, emergency relief in the form of a stay of proceedings in a state court matter relating to ongoing proceedings to enforce the plaintiff's child support obligation. The plaintiff also seeks leave to proceed *in forma pauperis* and seeks the appointment of counsel.

        2.      The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

        3.      Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

        4.      There are multiple fatal flaws to the complaint, which also doom the request for a temporary restraining order. The court will highlight only three such flaws.

        a.      The sole defendant in the present case is the County of Marion, which is the location of the state court and gives the state court its name, but which in no way controls or even supervises judicial decisions of a state court, even one located in Marion County. The judicial actions which the plaintiff alleges violated his federal and state rights were not caused by Marion County and he could obtain no relief from Marion County.

b.      "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). It is well-established that the domestic-relations exception denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court, *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)(reaffirming that the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998), yet that is precisely what the plaintiff seeks to accomplish through the present lawsuit.

c.      Furthermore, to the extent the plaintiff attacks the state court decisions regarding the steps to enforce his child support obligation, one or more abstention doctrines would prohibit such review by this court. *Younger v. Harris,* 401 U.S. 37, 45 (1971)("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). In *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996), the Court of Appeals explained that *Younger* has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." It is self-evident that those proceedings implicate important state interests and it is similarly evident that the courts of Indiana constitute competent and constitutionally adequate forums in which to litigate important questions such as the plaintiff has described. In *Lumen Construction, Inc. v. Brant Construction Co., Inc.,* 780 F.2d 691, 697 (7th Cir. 1985), the Court of Appeals refused to presume that the Indiana courts will not faithfully discharge the obligation to protect parties' federal rights. Nor will such an assumption be indulged here, despite the assertion that the state trial judge acted incorrectly, where there is an available state process through which to obtain relief.

5.      This action must be dismissed for lack of subject matter jurisdiction. This disposition compels the denial of the plaintiff's request for a temporary restraining order, as well as his request for the appointment of counsel, but does not limit the plaintiff in seeking any available and appropriate remedy in a judicial or other forum.

Judgment consistent with this Entry shall now issue. If the plaintiff remains waiting in the clerk's lobby, a copy of this Entry and the accompanying Judgment shall be provided to him.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date:   FEB 0 2 2007